USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   3/6/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re CHICAGO BRIDGE & IRON
COMPANY N.V. SECURITIES LITIGATION

SPECIAL MASTER
ORDER #2

17 Civ. 01580 (LGS)

Related Cases:

17 Civ. 02414 (LGS)
17 Civ. 04251 (LGS)
18 Civ. 09927 (LGS)
18 Civ. 09928 (LGS)

------------------------------------------------------------------x

Counsel for all parties in the above-captioned case met with the
Special Master on March 1, 2019 and a hearing was held on the record.
As a result of that hearing, the Special Master makes the following
rulings.  Because none of the issues discussed at the hearing raised
dispositive issues, all of the issues are resolved by this Order rather than
by a Report and Recommendation.

1.  Of the roughly 1200 documents removed by Respondents from
    the Privilege Log, Plaintiffs will identify which documents they

1

request that Defendants review once again by March 6, 2019.

Defendants must complete that review and advise Plaintiffs of

the result by March 13, 2019.

2.  Of the roughly 3,000 documents where Defendants provided a

description of the alleged privilege (beyond the previous reliance

solely on metadata), Plaintiffs will identify those documents as to

which they request a further description of alleged privilege by

March 13, 2019.  Defendants must respond by March 27, 2019.

3.  The Special Master will conduct an *in camera* review of a 5 to 10

percent sampling of the documents as to which Plaintiffs

challenge the assertion of privilege.  Once the sample is

identified, Defendants are to provide those documents to the

Special Master in un-redacted form..  Plaintiffs and Defendants

may submit a short letter stating their position with respect to

the assertion of privilege or to subject matter waiver.  Obviously,

Plaintiffs will not have the benefit of reviewing the content of

the redacted or withheld documents.  The Defendants may produce a redacted letter to Plaintiffs if the full content of the letter would reveal privileged information..  The Special Master will make every  effort to provide rulings on the documents reviewed *in camera* by April 8, 2019.  Ten days after receipt of the Special Master's ruling on the sample set, Defendants must apply those rulings to the remainder of the withheld or redacted documents and supplement their production of documents accordingly. ..

4. Plaintiffs will submit 12 to 15 unique letters to the Special Master on the subject matter waiver issue by March 4, 2019.

5.  Counsel will provide the Special Master with a schedule of depositions.  Counsel may bring any dispute that arises during depositions to the attention of the Special Master by telephone, email or a letter, whichever he or she deems appropriate.

3

6.  Plaintiffs must make any objections to the Phase 2 Privilege Log
    (which is due March 15, 2019), on or before March 21, 2019.
    Defendants must respond by April 4, 2019.  If no attorney is
    identified with respect to any entry on the Log, Defendants must
    provide a description of the person that would support the claim
    of privilege (*e.g.* accountant, interpreter, regulator, etc.).

7.  If the password protection issue is not resolved after the
    Plaintiffs submit the remainder of the overlay files to their
    vendor, a conference call with the Special Master may be
    scheduled, upon request, to discuss whether and how to proceed
    with respect to those documents.

8.  Defendants will review their files to determine if they can locate
    any correspondence with the vendor that hosted the *Georgia
    Power* databases to determine if there is any indication as to the
    vendor's general practice regarding the disposition of a database
    at the conclusion of an assignment.  A response to the search

4

must be submitted by March 8, 2019.  If still not satisfied with the results of the search, Plaintiffs may take a one hour telephone deposition of the vendor pursuant to a Rule 45 subpoena, which will not be counted against the cap on the number of depositions, limited to the issue of the vendor's standard practice on preservation of documents or databases at the conclusion of an assignment.

9. With respect to the Validation Protocol, Plaintiffs will identify which custodians are to be prioritized for review (identifying no more than 5 custodians) by March 13, 2019.  Defendants must respond by March 29, 2019.  If documents are identified as responsive, Defendants must produce those documents as soon as possible.

10.   The next conference with the Special Master will be held on April 10, 2019 at 10:30 a.m.  An agenda should be submitted in advance of the conference.  The parties are reminded that they

may request the assistance of the Special Master at any time prior

to that date should they need such assistance.

So Ordered:

Shira A. Scheindlin
Special Master

Dated:  New York, New York
        March 6, 2019

6